(699 P 2d 576)

No. 57,183

State of Kansas, *Appellee,* v. Edward A. Duke, *Appellant.*

Opinion filed May 2, 1985.

*Lonnie A. Hamilton,* of Hamilton, Huntley, & McRorey, of Olathe, for appellant.

*Bruce W. Beye,* assistant district attorney, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before Abbott, P.J., Rees and Parks, JJ.

Abbott, J.: This is a direct appeal by Edward A. Duke from the trial court's order revoking probation for his failure to pay fines

and make restitution as set forth in the conditions of his probation.

Duke was placed on probation on October 27, 1983, for a period of 3 years. As conditions of the probation, he was ordered to pay court costs in the matter within 90 days and to pay a fine of $3,000 and make restitution of $520 pursuant to a payment schedule set up by his probation officer. In December, the State filed a motion to revoke Duke's probation. Duke was arrested and was apparently unable to make bail. The trial court denied the State's motion for revocation, but Duke lost his job as a result of the incarceration.

Duke managed to pay court costs in compliance with the condition of his probation by making payment on the final day of the 90-day period. He made a payment of $48.43 on March 6, 1984, for restitution which comprised the total he paid on his obligation for fines and restitution. The probation officer testified that defendant's payment schedule called for $83 per month for the fine and $100 per month for restitution.

The trial court revoked Duke's probation on March 23, 1984, for failure to pay fines and make restitution. Duke argues that the violation of a condition of his probation—the failure to pay fines and make restitution—was not a willful refusal nor was it his fault. He contends that his failure to meet the financial obligations of his probation was due to his loss of employment. Under the holding of *Bearden v. Georgia,* 461 U.S. 660, 76 L.Ed.2d 221, 103 S.Ct. 2064 (1983), it is constitutionally impermissible to *automatically* revoke an indigent defendant's probation and imprison him merely because he cannot pay the fine and make restitution in accordance with the conditions of his probation. Duke contends the trial court failed to follow the guidelines enunciated in *Bearden* and therefore abused its discretion in revoking probation.

The procedure for revoking probation in Kansas is governed by K.S.A. 1984 Supp. 22-3716. The statute complies with the constitutional requirements that the defendant be afforded a revocation hearing without unnecessary delay, the right to counsel at the hearing and the right to present testimony of witnesses and other evidence on his behalf, all in accordance with due process principles. *State v. Rasler,* 216 Kan. 292, 532 P.2d 1077 (1975); *Toman v. State,* 213 Kan. 857, 518 P.2d 501

(1974). Moreover, the State has the burden of proof to establish the violation of a condition of defendant's probation. K.S.A. 1984 Supp. 22-3716(2). *Swope v. Musser,* 223 Kan. 133, 573 P.2d 587 (1977). It is not necessary that the violation be established beyond a reasonable doubt or by conclusive evidence to sustain revocation. *State v. Rasler,* 216 Kan. 292; *State v. Woods,* 215 Kan. 295, 524 P.2d 221 (1974). Finally, the determination of whether an order of probation should be revoked is a matter within the trial court's discretion. *Swope v. Musser,* 223 Kan. 133; *State v. Nelson,* 196 Kan. 592, 412 P.2d 1018 (1966).

Foreign jurisdictions have considered the propriety of revoking probation, thereby subjecting the defendant to imprisonment, solely because of the defendant's failure to make restitution or pay the fines imposed by the sentencing court. Authority from those jurisdictions indicate that incarceration solely because of financial inability to pay is unconstitutional. The defendant is being imprisoned for his poverty and deprived of equal protection of the laws. See, *e.g., In re Antazo,* 3 Cal. 3d 100, 89 Cal. Rptr. 255, 473 P.2d 999 (1970); *State v. Huggett,* 55 Hawaii 632, 525 P.2d 1119 (1974); *State v. DeBonis,* 58 N.J. 182, 276 A.2d 137 (1971); *Huggett v. State,* 83 Wis. 2d 790, 266 N.W.2d 403 (1978). It is emphasized in these cases that the practice of imprisonment to enforce collection of fines *may* be proper in certain circumstances. This practice, however, presupposes the defendant has the ability to pay. Therefore, it must be shown that the defendant's failure to meet the financial obligation was a result of his own refusal or willful conduct rather than his inability to pay. *United States v. Taylor,* 321 F.2d 339 (4th Cir. 1963); *In re Antazo,* 3 Cal. 3d 100; *State v. Gerard,* 57 Wis. 2d 611, 205 N.W.2d 374 (1973).

In our opinion, *Bearden v. Georgia,* 461 U.S. 660, controls this appeal. In *Bearden,* the defendant pleaded guilty to burglary and theft charges, but was granted probation on the condition that he pay a fine of $500 and restitution of $250. Two hundred dollars was payable within two days and the balance of $550 was due in four months. The defendant managed to pay the $200 by borrowing the money. However, he failed to pay the balance when due and claimed poverty as the reason for nonpayment. The trial court subsequently revoked the defendant's probation and sentenced him to prison for violating the conditions of his probation.

The clear message in *Bearden* is that when determining whether to revoke probation, the trial court must consider why a probationer failed to pay a fine or court costs or make restitution as required by the conditions of probation. *Automatic* revocation and imprisonment of the probationer is prohibited by the Fourteenth Amendment. As set forth in *Bearden,* then, a sentencing court must make two determinations to constitutionally revoke a defendant's probation. First, the probationer's conduct in failing to comply with the financial conditions of his probation must be considered. It must be determined whether the probationer willfully refused or was responsible for the failure to pay or whether the probationer made a bona fide effort to acquire the resources to pay. Imprisonment may be used as a means to enforce collection of fines or court costs or restitution when the probationer willfully refuses to pay, although he has the means to pay, or he does not make a bona fide effort to acquire the resources to pay. *Tate v. Short,* 401 U.S. 395, 28 L.Ed.2d 130, 91 S.Ct. 668 (1971); *Williams v. Illinois,* 399 U.S. 235, 26 L.Ed.2d 586, 90 S.Ct. 2018 (1970). If, however, the sentencing court determines that the probationer made a bona fide effort or is not at fault in failing to pay, the court should then consider alternative measures of punishment to imprisonment. Only if the alternative measures are inadequate to meet the State's interests in punishment and deterrence may the court imprison a probationer despite his bona fide effort to pay. Alternatives to imprisonment that have been suggested include reduction of the fine imposed, extension of time to pay, and performance of public service tasks in lieu thereof.

We now address the application of *Bearden* to the facts of the case before us. The defendant testified to his unemployment but indicated that he had been looking for a full-time job. No specifics regarding his inquiries for employment were given. The record before us leaves much to be desired. As we read the record, the trial judge made no determination whether the defendant's failure to pay was a wrongful refusal. Thus, the first consideration required by the *Bearden* rule has not been satisfied.

In summary, it appears that the sentencing court did not undertake any of the considerations required by *Bearden.* Rather, it appears the trial court automatically revoked probation

once the probation violation was established. This automatic revocation, resulting in imprisonment without considering the reasons for the violation, is the precise action proscribed in *Bearden.* As we view *Bearden,* once the State establishes a violation of probation the probationer must raise the defense of poverty and introduce evidence showing poverty and a good-faith effort to meet the terms of probation.

We call the trial court's attention to the following paragraph from the *Bearden* decision which is applicable in this case:

"We do not suggest by our analysis of the present record that the State may not place the petitioner in prison. If, upon remand, the Georgia courts determine that petitioner did not make sufficient bona fide efforts to pay his fine, or determine that alternate punishment is not adequate to meet the State's interests in punishment and deterrence, imprisonment would be a permissible sentence. Unless such determinations are made, however, fundamental fairness requires that the petitioner remain on probation." 461 U.S. at 674.

Whatever the outcome of the hearing on remand, the trial court should make findings of fact and state its conclusions of law so as to permit meaningful review.

The judgment revoking probation is reversed, and the case is remanded for further proceedings consistent with this opinion.