NOT DESIGNATED FOR PUBLICATION

No. 112,103

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN A. NAUGHTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 18, 2015. Affirmed.

*Sean M.A. Hatfield* and *Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Nathan Naughton pled guilty to two counts of aggravated robbery and was placed on probation for 36 months with an underlying 71-month prison sentence. Naughton was ordered to register as a violent offender pursuant to the Kansas Offender Registration Act (KORA).

Naughton violated several conditions of his probation and was convicted of violating the registration requirements of KORA. The district court revoked and reinstated his probation with new conditions in November 2013.

1

Then in April 2014, following a second round of admitted probation violations, the district court revoked Naughton's probation and ordered him to serve his underlying prison sentence.

Naughton appeals. He contends the district court abused its discretion by revoking his probation because his probationary failures were due to his attention deficit/hyperactivity disorder (ADHD) rather than a willful refusal to comply. He maintains that the district court was required to make a finding that he willfully failed to comply with the terms of his probation—rather than failing despite making serious efforts—before it could revoke his probation.

Unless required by law, probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). We will not overturn the district court's revocation of Naughton's probation absent a finding that the district court abused its discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). An abuse of discretion only occurs when a judicial action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Naughton bears the burden of demonstrating an abuse of discretion. See *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013).

The only case Naughton cites in support of his argument is *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 (1985). In that case, the probationer failed to comply with the financial conditions of his probation. When that happens, the district court must examine the probationer's conduct to determine if the probationer willfully refused to pay or simply was unable to pay despite bona fide efforts to do so. "Imprisonment may be used as a means to enforce collection of fines or court costs or restitution when the probationer willfully refuses to pay, although he has the means to pay, or he does not make a bona fide effort to acquire the resources to pay." 10 Kan. App. 2d at 395. But if the probationer

2

made a bona fide effort to pay or was not at fault for failing to pay, the court should consider alternative measures, such as a reduction of the fine, extension of the time to pay, or public service in lieu of payment. 10 Kan. App. 2d at 395.

We do not have debtors' prisons. Thus, "it is constitutionally impermissible to *automatically* revoke an indigent defendant's probation and imprison him merely because he cannot pay the fine and make restitution in accordance with the conditions of his probation." 10 Kan. App. 2d at 393; see *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

*Duke* does not apply. Naughton's probation was revoked for admitted probation violations other than an inability to pay money. Kansas law does not require the district court to make a finding that a probationer's violations of the conditions of probation were willful before revoking probation, and we decline to impose such a requirement on the district court. The district court concluded that Naughton could not or would not comply with the terms of his probation unrelated to the payment of money. We find no abuse of discretion in revoking Naughton's probation under these facts.

Affirmed.