NOT DESIGNATED FOR PUBLICATION

Nos. 115,312
115,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL N. TISDALE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 21, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Michael Tisdale committed one count of aggravated battery and one count of offender registration violation. The district court granted him probation. After revoking and reinstating Tisdale's probation two times, the court revoked his probation and imposed the underlying sentence. Tisdale appeals. We affirm.

On November 1, 2012, Tisdale pled guilty to one count of aggravated assault, a severity level 7 person felony in case 12 CR 1952. The district court sentenced him to 25 months' probation with an underlying sentence of 21 months' imprisonment.

1

On May 2, 2013, the State filed a warrant alleging Tisdale had violated his probation by testing positive for alcohol and admitting to using alcohol. On June 4, 2013, the district court revoked and reinstated probation with modified conditions, including extending probation by 24 months, serving a 30-day jail sanction, successfully completing COMCARE treatment, and submitting to Soberlink monitoring. Tisdale later filed a motion to modify the conditions of his probation, arguing he was unable to afford the cost of Soberlink. The court granted his motion.

On October 25, 2013, the State filed a second warrant alleging Tisdale had violated his probation by: (1) failing to make monthly payments toward court costs and restitution; (2) failing to enter and complete anger management class; (3) failing to report to his ISO; (4) failing to submit to a UA; (5) failing to attend cognitive skills class; and (6) being discharged from cognitive skills class for failing to attend. On June 16, 2014, the court revoked and reinstated probation with modified conditions, including extending probation by another 24 months and completing the residential community corrections program.

On May 7, 2014, Tisdale pled guilty to an offender registration violation, a severity level 6 person felony in case 14 CR 741. The district court granted Tisdale a downward dispositional departure to 24 months' probation with an underlying prison sentence of 30 months to run consecutive to any other cases.

On August 7, 2015, Tisdale stipulated that he violated the conditions of his probation by submitting a positive UA and consented to serve a 3-day jail sanction without a hearing. On August 18, 2015, the State filed a third warrant alleging Tisdale had violated his probation by: (1) submitting a UA positive for ethyl glucuronide; (2) failing to report for a scheduled home visit; (3) failing to report for Career Quest; (4)

2

failing to report for his 3-day jail sanction; and (5) absconding from supervision at community corrections. On October 30, 2015, Tisdale turned himself in.

On December 3, 2015, the district court held a revocation hearing. Tisdale stipulated to the probation violations and waived his right to an evidentiary hearing. Defense counsel argued that Tisdale's violations were nonviolent and a result of Tisdale's alcoholism. Counsel asked the court to give Tisdale another chance on probation because he needed long-term treatment rather than prison.

The district court denied Tisdale's request to reinstate probation. The court noted that Tisdale had already violated his probation at least three times before the State filed the most recent warrant. Furthermore, the court pointed out that Tisdale was going to get another alcohol and drug evaluation in August which likely would have enabled him to get more significant treatment. Before this evaluation took place, however, Tisdale decided to abscond. The court found that allowing Tisdale to stay on probation would jeopardize the safety of the public due to his original violent offense and his continued alcohol use. The court also held that revocation would serve Tisdale's best interests because more aggressive treatment had been available to Tisdale for the past 3 years, but he did not avail himself of it. Tisdale appeals.

Tisdale argues the district court abused its discretion by revoking his probation because his probation violations were the result of his alcoholism rather than a willful refusal to comply. He contends the court was required to consider the reasons for his probationary failures before revoking his probation and it failed to do so. The State argues the court was within its discretion to revoke Tisdale's probation and order him to serve the underlying prison sentence.

*Standard of review*

Once the State has established a probation violation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Tisdale relies on a single case, *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 (1985), to support his argument. The *Duke* court held that automatic revocation of probation due to a probationer's failure to make monetary payments is unconstitutional. A court must first consider whether the probationer willfully refused to make the required payments or whether the probationer made legitimate efforts to acquire the resources to pay. 10 Kan. App. 2d at 395.

Tisdale argues the same logic applies in his case. However, Kansas courts have declined to extend the holding in *Duke* beyond failure to make financial payments. See, *e.g.*, *State v. Ferguson*, 271 Kan. 613, 618-19, 23 P.3d 891 (2001) (finding district court did not abuse its discretion when it revoked defendant's probation for reasons other than nonpayment of restitution, including failure to report for drug screens). Moreover, this court has specifically found in unpublished opinions that *Duke* does not apply in the context of drug addiction. See, *e.g.*, *State v. Prim*, No. 113,180, 2016 WL 687675, at *2 (Kan. App. 2016) (unpublished opinion), *petition for review filed* March 21, 2016; *State v. Grant*, No. 106,052, 2012 WL 2045366, at *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1132 (2013).

Here, Tisdale admitted he violated the conditions of his probation. The district court revoked and reinstated his probation two times before finally imposing the

4

underlying prison sentence for reasons other than Tisdale's inability to pay money. These violations included failing to report for a 3-day jail sanction, submitting a positive UA, failing to report for a home visit, and absconding. The district court's decision to revoke Tisdale's probation was not unreasonable nor was it based on an error of fact or law. Therefore, the district court did not abuse its discretion.

Affirmed.