<u>CORRECTED OPINION</u>

NOT DESIGNATED FOR PUBLICATION

Nos. 115,500
115,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCH T. TOWLES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed May 5, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.


*Per Curiam*: Mitch T. Towles appeals the district court's order revoking his probation and ordering him to serve his underlying prison sentences for two convictions. Finding no abuse of the district court's discretion, we affirm.

1

Towles pled guilty to one count of residential burglary in case 15 CR 2445 and one count of felony theft in case 15 CR 2498. He was sentenced to 24 months' probation with consecutive underlying prison sentences of 15 months and 11 months, respectively.

The State alleged that Towles violated the conditions of his probation in the following ways: (1) failing to submit to a drug test as directed by his intensive supervision officer; (2) failing to obey all reasonable directives of his intensive supervision officer; and (3) committing new crimes while on probation, specifically, misdemeanor theft and interference with a law enforcement officer.

At the probation violation hearing, Towles admitted the violations and explained that the root cause of his failure was his drug addiction. The district court found that Towles had absconded and had committed new crimes while on probation. The district court accordingly revoked Towles' probation pursuant to K.S.A. 2016 Supp. 22-3716 and ordered him to serve his underlying sentences. Towles' sole argument on appeal is that the district court abused its discretion in doing so.

Probation is an act of judicial grace, granted as a privilege and not as a right, unless otherwise provided by law. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven by a preponderance of the evidence that the offender committed a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Judicial discretion is abused if the district court's action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Dobbs*, 297 Kan. 1225, 1232, 308 P.3d 1258 (2013). The offender bears the burden of proving an abuse of discretion. 297 Kan. at 1232-33.

The district court's discretion is limited by the 2013 amendments to K.S.A. 22-3716, which require, with few exceptions, that district courts impose a system of

graduated sanctions prior to the sanction of revocation. The district court may, however, revoke an offender's probation without imposing intermediate sanctions if the offender commits a new felony or misdemeanor while on probation or absconds from supervision. K.S.A. 2016 Supp. 22-3716(c)(8)(A) and (B). Those exceptions apply here.

Towles contends that the district court must consider his conduct in failing to comply and must determine on the record whether he made a serious effort to comply or willfully refused to do so. But the sole authority Towles cites for this alleged requirement is *State v. Duke*, 10 Kan. App. 2d 392, 395, 699 P.2d 576 (1985). *Duke* considered the propriety of revoking probation solely because of the defendant's failure to make restitution or pay the fines imposed by the sentencing court. Incarceration solely because of financial inability to pay is unconstitutional as a violation of the Fourteenth Amendment to the United States Constitution. *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983). Therefore, it must be shown that the defendant's failure to meet the financial obligation imposed as a condition of probation was a result of defendant's refusal or willful conduct rather than merely defendant's inability to pay. *Duke*, 10 Kan. App. 2d at 394.

The due process concerns underlying the *Duke* holding are not applicable here. Towles was given a probation violation hearing at which he explained the reason why he believed he had failed at probation. Nothing suggests that the district court automatically revoked probation or ignored Towles' testimony. Towles fails to show that *Duke*'s holding has been or should be applied to revocations of probation based on anything other than nonpayment violations. In fact, Towles fails to acknowledge that we and our Supreme Court have already declined to extend *Duke* beyond the context of failure to make monetary payments. See, *e.g.*, *State v. Reed*, 254 Kan. 52, 59-60, 865 P.2d 191 (1993); *State v. Prim*, No. 113,180, 2016 WL 687675, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Golston*, No. 96,605, 2007 WL 2580603, at *3 (Kan. App. 2007) (unpublished opinion). Accordingly, *Duke* does not apply here.

Towles also argues that the district court failed to sufficiently consider mitigating factors, including that this was his first probation violation, that his violations were the result of a struggle with drug addiction, and that he had reconciled with his family. His arguments fail to establish, however, that the district court misapplied the governing statute, relied on an unsupported factual basis, or entered a ruling that no reasonable judge would enter. Towles has failed to meet his burden of showing that the district court abused its discretion. Accordingly, we affirm the district court's revocation of his probation.

Affirmed.