NOT DESIGNATED FOR PUBLICATION

No. 126,160

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVON GEORGE CHESTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and ISHERWOOD, JJ.

PER CURIAM: Devon George Chester appeals from the third reinstatement of his 24-month probation term granted to give him additional time to pay court-ordered restitution. Although K.S.A. 21-6608(c)(6) caps the total length of probation to 60 months, K.S.A. 21-6608(c)(7) allows a district court to extend an offender's probation past the 60-month cap where a restitution order has not been satisfied. Nevertheless, Chester contends—for the first time on appeal—that K.S.A. 21-6608(c)(7) violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. After reviewing the record on appeal, we decline the invitation to

1

consider the constitutionality question for the first time on appeal, and we affirm the district court's order.

## FACTS

The underlying facts are well-known to the parties and will only be briefly summarized in this opinion. On December 8, 2014, Chester pled guilty to one count of forgery and one count of theft pursuant to a plea agreement, for crimes committed in June 2014. Significant to this appeal, Chester also agreed to pay restitution and court costs. The district court followed the recommendation of the parties and placed Chester on supervised probation for a period of 24 months. In addition, it ordered him to pay $4,500 in restitution to the victim and to make $100 minimum monthly payments on this obligation until paid in full.

Over the next few years, the record reflects that Chester stipulated to violating the conditions of his probation on several occasions. For example, in January 2018, the State filed its third motion to revoke Chester's probation, and he stipulated to committing a new crime in Missouri. Consequently, the district court reinstated his probation for a new 24-month term and ordered Chester to make a $500 restitution payment that day and $250 monthly payments beginning the following month.

In December 2020, the State filed its fifth motion to revoke Chester's probation. In this motion, the State alleged that Chester had failed to report to his probation officer and had failed to make payments toward his restitution obligation since March 12, 2019. Subsequently, Chester filed a motion to dismiss in which he asked the district court to find the restitution plan to be unworkable and to terminate his probation.

On October 25, 2022, the district court held a probation violation hearing. At the outset of the hearing, the district court took up Chester's motion to dismiss. Chester

2

testified regarding his health history and his problems maintaining employment due to his health struggles and his status as a felony probationer. He also testified regarding his financial issues and testified that he had to sell personal items and borrow money from his family to pay for medical treatment.

Chester—who was living in Arizona at the time—testified that he was receiving assistance from the City of Phoenix to pay for his living expenses. He also testified that he was receiving food stamps. According to Chester, he had applied to receive disability benefits from the government but had been denied. After Chester had testified, the district court took the motion to dismiss under advisement and asked Chester's attorney to provide documentation to prove that his client had applied for and been denied disability benefits.

On February 2, 2023, the district court reconvened the probation violation hearing. In response to the district court's request for documentation regarding the alleged denial of disability benefits, Chester's attorney represented that neither he nor his client were able to provide such documents. Ultimately, the district court denied Chester's motion to dismiss. In doing so, the district court found that the victim in this case had not been made whole, and the evidence presented by Chester was not sufficient to warrant dismissal of the case at that time.

The district court then took up the State's motion to revoke probation and Chester stipulated to the alleged probation violations. After hearing the arguments of counsel, the district court granted the State's motion to revoke probation. It then reinstated Chester's probation for a new 24-month term. Furthermore, the district court ordered the following terms of probation:  "No violation of the law, phone-in reporting to Officer Metcalf, and pay restitution as directed."

ANALYSIS

The sole issue presented by Chester on appeal is whether K.S.A. 21-6608(c)(7)—which authorizes a district court to extend the probation term longer than 60 months if court-ordered restitution has not been paid—is unconstitutional. Specifically, Chester contends that the statute violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. In response, the State contends that we should not exercise our discretion to reach this issue because Chester did not raise it before the district court. In the alternative, the State argues that the statute is constitutional for a variety of reasons.

As a general rule, constitutional issues asserted for the first time on appeal are not properly before an appellate court for review. See *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021). Nevertheless, there are several exceptions to the general rule that allow an appellate court to exercise its discretion to take up an issue for the first time on appeal. These exceptions include: (1) when the newly asserted issue involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) when consideration of the newly asserted issue is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) when the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Significantly, Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 35) requires an appellant to explain why an issue that was not raised at the district court level should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Here, Chester asserts that we should consider this issue to protect his fundamental rights. Chester also suggests that his constitutional challenge to K.S.A. 21-6608(c)(7) involves a question of law arising on admitted facts.

Another panel of this court considered a similar argument in *State v. Garrett*, No. 124,016, 2022 WL 4004580, at *1 (Kan. App. 2022) (unpublished opinion), *rev. denied* 317 Kan. 847 (2023). In declining the invitation to reach the constitutionality issue for the first time on appeal, the panel found:

> "We have no obligation to address arguments, even constitutional ones, that have not been presented in the district court. And typically, we do not consider them. See S*tate v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But we have, likewise, recognized exceptions that may relax that rule. *Swint*, 302 Kan. 326, Syl. ¶ 3. Garrett identifies two of them in her brief. Those exceptions extend to the appellate court an invitation—not an obligation—to take up an issue. *State v. Parry*, 305 Kan. 1189, 1191-92, 390 P.3d 879 (2017)." *Garrett*, 2022 WL 4004580, at *1.

Although Chester labels the question as a facial challenge to the statute, his argument is akin to an as-applied challenge. In particular, Chester's argument is based in large part on his claim of indigency. However, when the district court continued the probation violation hearing to give Chester or his attorney time to obtain and provide documentation to establish that he had applied for and been denied disability benefits, they were unable to do so.

Furthermore, the cases cited by Chester addressing the constitutionality of statutes based on the treatment of indigent offenders are *as-applied* challenges to statutes and not *facial* challenges. See *Bearden v. Georgia*, 461 U.S. 660, 664-65,103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983) (an as-applied challenge to a sentencing court's ability to automatically revoke probation for failure to pay restitution); *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891 (1956) (an as-applied challenge to an Illinois statute requiring all criminal defendants to provide a certified copy of the record to appeal his or her sentence); *State v. Duke*, 10 Kan. App. 2d 392, 394, 699 P.2d 576 (1985) (an as-applied challenge to a sentencing court's ability to automatically revoke probation for failure to

pay restitution). In fact, although *Bearden* involved an as-applied challenge, Chester asks us to apply its factors to an issue that he labels as a facial challenge. Regardless, we decline Chester's invitation to consider the constitutionality of K.S.A. 21-6608(c)(7) for the first time on appeal.

Because Chester has not otherwise challenged the district court's decision to extend his probation to allow him the opportunity to pay his court-ordered restitution, we affirm.

Affirmed.