IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 108,876
108,877

In the Matter of E.J.D., a Juvenile.

SYLLABUS BY THE COURT

1.

K.S.A. 2014 Supp. 38-2364(b) requires a district court to revoke the juvenile sentence and order the imposition of the previously ordered adult sentence if it makes findings supporting revocation of a juvenile sentence in an extended-jurisdiction juvenile prosecution.

2.

The statutory scheme for extended jurisdiction supersedes provisions in the criminal code for modifying sentences.

3.

When a district court considers a question of fact that must be proved by a preponderance of the evidence, the review by this court is limited to determining whether substantial competent evidence supports the district court's finding.

4.

Under K.S.A. 2014 Supp. 38-2364(b), the district court may base revocation of juvenile sentences in extended-jurisdiction cases on "offense[s]," which is a broader category than "crimes" or "convictions."

1

Review of an unpublished opinion filed August 2, 2013. Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed April 24, 2015. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rhonda K. Levinson,* of Levinson & Levinson PA, of Basehor, argued the cause and was on the brief for appellant.

*Joan Lowdon,* assistant county attorney, argued the cause, and *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.:  On review of an unpublished opinion by the Court of Appeals, E.J.D. challenges the revocation of the stay of his adult sentence in an extended-jurisdiction juvenile proceeding and the denial of his motion for downward departure following the revocation of the stay.

E.J.D. experienced several encounters with the judicial system that precipitated the present appeal. On December 3, 2008, the State filed a complaint alleging that E.J.D. had committed one count of aggravated robbery and two counts of criminal threat in case number 2008-JV-000278. The aggravated robbery count alleged that E.J.D. had used a paintball gun to facilitate forcibly appropriating property that included a digital camera, a cell phone, $1 in cash, and a baseball cap from the victim. The State subsequently moved to certify him as an adult under K.S.A. 2008 Supp. 38-2347. The district court eventually denied the motion for adult certification and sentenced E.J.D. to a term of 51 months in a juvenile facility and an extended-jurisdiction adult sentence of 94 months.

On January 28, 2009, the State filed a complaint in case number 2009-JV-000011, alleging that E.J.D., while confined in the juvenile facility, committed two counts of

2

battery on juvenile detention officers, a severity level 5 person felony. He entered a plea of no contest, and the district court adjudicated him an offender on the first count and dismissed the second count. The court denied the State's motion to prosecute E.J.D. as an adult but determined that a preponderance of evidence demonstrated that the proceedings should be designated as an extended-jurisdiction juvenile prosecution under K.S.A. 2008 Supp. 38-2347. The court sentenced him to a term of 36 months in a juvenile correctional facility, with 24 months' aftercare. The court also sentenced him to an adult criminal sentence of 32 months with 36 months' postrelease supervision, with the sentence to run concurrent with the adult sentence in case 2008-JV-000278. The court stayed the adult criminal sentence on the condition that he not violate the provisions of the juvenile sentence and on the condition that he not commit a new offense.

On August 4, 2011, the State filed a motion to revoke the stay of execution of the adult sentence. The State based its motion on 86 disciplinary violations committed by E.J.D. while in custody and specified one particular act of alleged battery on another resident. On September 12, 2011, the State amended its motion to include a second incident of battery on another resident.

E.J.D. then filed a motion for a lesser sentence and a durational departure from his sentence in 2009-JV-000011. The district court denied the motion and determined that he had committed an act that would constitute a criminal act if perpetrated by an adult and ordered him committed to the custody of the Department of Corrections for 32 months, less time already served in juvenile custody.

In an unpublished opinion issued on August 2, 2013, the Court of Appeals affirmed the district court. *In re E.J.D.*, No. 108,876, 2013 WL 3970205 (Kan. App. 2013) (unpublished opinion). This court granted E.J.D.'s petition for review on both

issues that he raised in his petition. He did not seek review of a constitutional challenge that he raised in the Court of Appeals.

The first question that we address is whether the statutory scheme allows a juvenile defendant to seek a downward departure upon the lifting of the stay on his adult sentence. We agree with the analysis set forth by the Court of Appeals and affirm its holding that the statutory scheme does not allow modification of an adult sentence after a determination that a juvenile has violated the terms and conditions of an extended jurisdiction juvenile prosecution. 2013 WL 3970205, at *4-5.

K.S.A. 2014 Supp. 38-2347 and K.S.A. 2014 Supp. 38-2364 provide for extended-jurisdiction juvenile prosecutions, which allow courts to impose a juvenile sentence and a concurrent adult criminal sentence, the execution of which is stayed on the condition that the offender does not violate the provisions of the juvenile sentence and does not commit a new offense.

When the district court took up the matter of revoking the stay of his juvenile sentence, E.J.D. requested a downward departure before imposition of his adult sentence. The district court denied the motion, citing a lack of legal authority for downward departure of adult sentences originally imposed under the juvenile code.

The standard for reviewing a lower court's statutory interpretation is unlimited and de novo. *State v. Williams*, 299 Kan. 911, 925, 329 P.3d 400 (2014); *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014).

K.S.A. 2014 Supp. 21-6817 provides for departure sentences in adult criminal proceedings. The statute provides that the defendant may file a motion for a departure sentence "[w]henever a person is convicted of a felony." K.S.A. 2014 Supp. 21-

4

6817(a)(1). The corresponding section of the juvenile code specifically allows an upward departure of a juvenile sentence, to no more than double the maximum duration of the presumptive imprisonment term. K.S.A. 2014 Supp. 38-2371. That same statute also specifically denies district courts the authority to impose downward durational sentences and allows courts to consider only aggravating factors, not mitigating factors.

E.J.D. did not move for a departure on his adult sentence before it was pronounced from the bench in 2009. A criminal sentence becomes effective when it is pronounced from the bench. See *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). The date of sentencing is the final action with respect to the duration of the sentence, even if imposition of the sentence is suspended. *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993).

The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. The language of a statute is the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use. Courts therefore look to the plain and unambiguous language of a statute as the primary basis for determining legislative intent. See *Merryfield v. Sullivan*, 301 Kan. 397, Syl. ¶ 2, 343 P.3d 515 (2015).

K.S.A. 2014 Supp. 38-2364(b) requires that, upon making a finding supporting revocation of the juvenile sentence, "the court shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered . . . ." This explicit language supersedes any analysis of why provisions for reducing sentences in other forms of adult criminal proceedings should apply.

5

In the same statutory paragraph, the legislature provided for one specialized means for reducing the adult sentence: "upon agreement of the county or district attorney and the juvenile offender's attorney of record, the court may modify the adult sentence previously ordered." K.S.A. 2014 Supp. 38-2364(b). Having set out the specific means for modifying the adult sentence in the context of imposing the adult sentence in extended-jurisdiction cases, the legislature has made it clear other criminal-code modification procedures are inapplicable. Specific provisions within a statute take precedence over general statutory provisions, and the juvenile code provisions are more specific. See *In re A.M.M.-H.*, 300 Kan. 532, 539, 331 P.3d 775 (2014).

In the present case, E.J.D. did not file a request for a departure before he was sentenced to the stayed adult sentence. He sought departure before the court revoked the stay on his adult sentence, but, as the Court of Appeals properly held, he had waited too long and he could not obtain a departure sentence after his juvenile sentence was revoked.

E.J.D. next argues that the State failed to present sufficient evidence to prove that he committed a new offense. He contends that, while he may have engaged in misconduct after his adult sentence was stayed, he did not commit any new offenses as a matter of law. The State responded, and the Court of Appeals agreed, that E.J.D.'s videotaped and admitted misbehavior constituted batteries, which sufficed to invoke the "new offense" trigger for imposition of the adult sentence. K.S.A. 2014 Supp. 38-2364(b).

The district court is required by statute to find the commission of a new offense by a preponderance of the evidence. K.S.A. 2014 Supp. 38-2364(b). When a district court considers a question of fact that must be proved by a preponderance of the evidence, the review by this court is limited to determining whether substantial competent evidence

6

supports the district court's finding. *State v. Bailey*, 292 Kan. 449, 453, 255 P.3d 19 (2011).

The State presented the following evidence to the district court to support its allegation that E.J.D. committed a new offense:

A juvenile facility officer testified that he witnessed E.J.D. standing over another youth, launching closed-fist blows toward the youth's head and shoulders. E.J.D., after giving a sworn statement, elected to plead no contest to a disciplinary infraction of battery. As a result, E.J.D. served 20 days in disciplinary segregation and forfeited 17 days good time credit.

A teacher at the facility testified about a fight that took place in her classroom a couple of months after the first fight. She testified that E.J.D. threw the first punch and hit another student on the back of the head. He again entered a no contest plea to fighting, this time resulting in 30 days of disciplinary segregation and forfeiture of 15 days of good time credit.

E.J.D. testified that he initiated the fights preemptively based on reports he had heard that the other youths intended to harm him. The district court also viewed videotapes of the two incidents. The district court concluded that E.J.D. had engaged in conduct that amounted to battery and that the court was therefore required to impose the original adult sentence.

The plain language of K.S.A. 2014 Supp. 38-2364(b) tells us that the district court is not limited to basing revocation of juvenile sentences in extended-jurisdiction cases on *convictions*. The statute speaks of "offense[s]," not "crimes" or "convictions." The statute also places the finding of the commission of a new offense in parallel with a

7

determination that the juvenile violated conditions of the juvenile offense, which would not necessarily include criminal convictions. The statute may therefore be better understood as establishing conditions resembling probation revocation in adult proceedings.

In the context of adult criminal procedure, no criminal conviction, or even criminal charges, are required to justify revocation of probation. See *State v. Rasler*, 216 Kan. 292, Syl. ¶ 1, 532 P.2d 1077 (1975) (to sustain order revoking probation because of commission of new criminal offense, State need not prove commission of offense beyond reasonable doubt); see also *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parole revocation not part of criminal prosecution, so full panoply of constitutional rights in criminal proceeding does not apply to revocation proceedings); *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977) (criminal acquittal does not bar parole revocation based on conduct asserted at criminal trial); *State v. Thompson*, 687 N.E.2d 225, 229 (Ind. App. 1997) (court may revoke probation under preponderance of evidence standard even when State did not convict defendant by establishing guilt beyond reasonable doubt); *Vaughn v. State*, 962 P.2d 149, 152 (Wyo. 1998) (court may revoke probation even though defendant acquitted in criminal proceeding based on same act).

It is not contested that E.J.D. engaged in misconduct that can be characterized as battery. The district court had before it sufficient evidence to conclude that E.J.D. had committed new offenses, even if those offenses were not formally charged. The Court of Appeals applied the proper standard of review and correctly determined that the evidence supported the district court's decision to revoke the stay of execution of the adult sentence.

The judgment of the Court of Appeals is affirmed, and the judgment of the district court is affirmed.

LUCKERT, J., not participating.

PRESTON A. PRATT, District Judge, assigned.[1]

MICHAEL J. MALONE, Senior Judge, assigned.[2]

---

[1] **REPORTER'S NOTE:** District Judge Pratt was appointed to hear case Nos. 108,876 and 108,877 vice Justice Luckert under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.

[2] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case Nos. 108,876 and 108,877 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.