NOT DESIGNATED FOR PUBLICATION

No. 114,104

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRELL DEWAYNE HICKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed June 17, 2016.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kimberly Hurt*, legal intern, *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district
attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Darrell Dewayne Hicks appeals the district court's revocation of his
probation and the imposition of his underlying sentence. He argues the district court did
not comply with K.S.A. 2015 Supp. 22-3716 by (1) imposing graduated sanctions before
sending him to prison or (2) making findings to justify an exception.

Hicks pled no contest to possession of methamphetamine and domestic battery. In
exchange, the State dismissed four other charges and agreed to recommend probation if
Hicks successfully completed a drug treatment program. Hicks completed the drug
treatment program, and at sentencing the court imposed a suspended prison sentence and

1

granted probation. Hicks' probation was conditioned on, among other things, remaining law-abiding.

A few weeks later, Hicks was arrested in another domestic violence incident. During the arrest, the police found that Hicks was carrying methamphetamine and marijuana. He was charged with aggravated assault of a law enforcement officer, possession of methamphetamine, and possession of marijuana.

The State moved to revoke Hicks' probation based on his (1) failure to remain law-abiding, (2) failure to remain drug free, (3) failure to obtain a domestic violence assessment, (4) failure to contact a certain individual to obtain a domestic violence assessment, (5) failure to provide truthful information regarding his treatment and employment status, (6) failure to provide proof of employment, and (7) failure to make monthly payments toward his fines and court costs. Hicks stipulated to all but the State's allegations that he failed to remain law-abiding and failed to provide truthful information. The State presented testimony from the arresting officer regarding his investigation following Hicks' arrest in the second domestic violence incident.

The State asked the court to send Hicks to prison under K.S.A. 2015 Supp. 22-3716(c)(8) based in part on the commission of new crimes. Hicks asked for an interim sanction and argued that the preponderance standard required to show a probation violation was insufficient to show that he committed a new crime.

The court found there was sufficient evidence that Hicks possessed methamphetamine and marijuana. Thus, he failed to remain law-abiding and thereby violated a term of his probation. The court ordered Hicks to serve his prison sentence.

On appeal, Hicks claims the court violated K.S.A. 2015 Supp. 22-3716 by not ordering a graduated sanction or finding some applicable statutory exception before

2

ordering him to serve his prison sentence. We have unlimited review in considering whether the district court correctly followed the mandates of K.S.A. 2015 Supp. 22-3716(c). See *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

K.S.A. 2015 Supp. 22-3716(c) provides that, subject to certain exceptions, a sentencing court should impose an intermediate sanction before ordering a defendant to prison. We need not consider the intermediate-sanction exception contained in K.S.A. 2015 22-3716(b)(3)(A) relating to sentences that depart from a presumptive sentence. This argument was not raised below, and Hicks has not responded to this argument in a reply brief. But the exception found in K.S.A. 2015 Supp. 22-3716(c)(8) clearly was raised. That exception provides that the district court may revoke probation without imposing an intermediate sanction "[i]f the offender commits a new felony or misdemeanor . . . while the offender is on probation." K.S.A. 2015 Supp. 22-3716(c)(8).

Hicks relies on *State v. Lane*, No. 111,110, 2015 WL 802739 (Kan. App. 2015) (unpublished opinion), to support his claim that the district court erred in not imposing an interim sanction. But *Lane* did not deal with the exception to an interim sanction when the defendant commits a new crime.

More on point is *In re E.J.D.*, 301 Kan. 790, 795, 348 P.3d 512 (2015), in which our Supreme Court stated:

> "In the context of adult criminal procedure, no criminal conviction, or even criminal charges, are required to justify revocation of probation. See *State v. Rasler*, 216 Kan. 292, Syl. ¶ 1, 532 P.2d 1077 (1975) (to sustain order revoking probation because of commission of new criminal offense, State need not prove commission of offense beyond reasonable doubt); see also *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parole revocation not part of criminal prosecution, so full panoply of constitutional rights in criminal proceeding does not apply to revocation proceedings); *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977) (criminal acquittal does not bar

3

parole revocation based on conduct asserted at criminal trial); *State v. Thompson*, 687 N.E.2d 225, 229 (Ind. App. 1997) (court may revoke probation under preponderance of evidence standard even when State did not convict defendant by establishing guilt beyond reasonable doubt); *Vaughn v. State*, 962 P.2d 149, 152 (Wyo. 1998) (court may revoke probation even though defendant acquitted in criminal proceeding based on same act)."

We see no rational reason not to apply this principle when construing what satisfies the "new felony or misdemeanor" exception found in K.S.A. 2015 Supp. 22-3716(c)(8). Thus, we find no error in the district court relying on evidence of these new crimes in determining that Hicks failed to remain law-abiding as required by the terms of his probation and in concluding that these new crimes negated any requirement for interim sanctions before sending Hicks off to serve his prison sentence.

Affirmed.