NOT DESIGNATED FOR PUBLICATION

No. 119,928

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMAREO SCOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 3, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: Demareo T. Scott appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Scott's motion for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State does not object to summary disposition but requests that we affirm the revocation of Scott's probation. After review, we find no abuse of discretion on the part of the district court and affirm.

*Factual and procedural background*

As part of a plea agreement with the State, Scott pled guilty to criminal possession of a weapon by a convicted felon, criminal threat, and aggravated endangering a child. At

1

his sentencing in July 2017, the district court found that a special rule applied because Scott had committed his crimes while incarcerated, on probation, parole, conditional release, or on postrelease supervision for a felony. It sentenced Scott to a total prison term of 24 months but placed Scott on probation for a period of 18 months.

In July 2018, the State sought to revoke Scott's probation, alleging, among other things, that Scott had committed two new crimes: domestic violence battery and criminal damage to property. The State further alleged that Scott had failed to make payment on his court costs. At his probation violation hearing, Scott stipulated that he had violated the conditions of his probation by not paying costs, and he did not contest that he had committed new crimes while on probation. Both Scott and the State requested three days in jail—an intermediate sanction. But the district court, citing Scott's commission of new crimes while on probation and his "long history of domestic violence offenses," revoked Scott's probation and ordered him to serve his underlying sentences. Scott timely appeals.

*Analysis*

Scott argues solely that "the district court erred in revoking the defendant's probation." Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Scott bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion is limited by our statute that generally requires the district court to impose intermediate sanctions before revoking an offender's probation.

2

K.S.A. 2018 Supp. 22-3716. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). But one of the exceptions to that rule permits a district court to revoke probation without having previously imposed intermediate sanctions if the offender commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). That is the case here.

The district court found by a preponderance of the evidence that Scott committed domestic violence battery and criminal damage to property, thus violating the terms of his probation by committing new crimes while on probation. Scott does not argue that the district court lacked substantial competent evidence of his commission of those crimes. We apply these principles when construing what satisfies the "new felony or misdemeanor" exception found in K.S.A. 2018 Supp. 22-3716(c)(8)(A):

> "In the context of adult criminal procedure, no criminal conviction, or even criminal charges, are required to justify revocation of probation. See *State v. Rasler*, 216 Kan. 292, Syl. ¶ 1, 532 P.2d 1077 (1975) (to sustain order revoking probation because of commission of new criminal offense, State need not prove commission of offense beyond reasonable doubt); see also *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parole revocation not part of criminal prosecution, so full panoply of constitutional rights in criminal proceeding does not apply to revocation proceedings); *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977) (criminal acquittal does not bar parole revocation based on conduct asserted at criminal trial); *State v. Thompson*, 687 N.E.2d 225, 229 (Ind. App. 1997) (court may revoke probation under preponderance of evidence standard even when State did not convict defendant by establishing guilt beyond reasonable doubt); *Vaughn v. State*, 962 P.2d 149, 152 (Wyo. 1998) (court may revoke probation even though defendant acquitted in criminal proceeding based on same act)." *In re E.J.D.*, 301 Kan. 790, 795, 348 P.3d 512 (2015).

Thus, the district court had the authority to revoke Scott's probation and impose his underlying prison sentences. Scott fails to persuade us that no reasonable person would

3

have taken the view of the district court and revoked Scott's probation based on his commission of new crimes.

We note that the district court also found that Scott's continued probation would "jeopardize the safety of the members of the public." But the district court did not make that finding with particularity, as the statute requires. See K.S.A. 2018 Supp. 22-3716(c)(9)(A) (providing the court can bypass intermediate sanctions if the "court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction"); *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015) (finding a court making findings under this subsection must explicitly state how the public's safety would be jeopardized by intermediate sanctions). Were this the sole exception invoked, we would find an abuse of discretion. But it is not.

We find the district court did not abuse its discretion by revoking Scott's probation and imposing his underlying prison sentence.

Affirmed.