NOT DESIGNATED FOR PUBLICATION

No. 123,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIR ALFRED SUMPTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed December 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: This is a probation revocation appeal presented without the benefit of briefs. We granted Sir Alfred Sumpter's motion for summary disposition in lieu of briefing under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Sumpter appeals the court's decision to revoke his probation and send him to prison to serve his prison sentence. We find no errors and no abuse of discretion by the district court and therefore affirm.

1

*Sumpter enters a plea, is sentenced, and is placed on probation.*

Sumpter pled guilty to one count of criminal use of weapons, a severity level 8 nonperson felony, based on an incident in September 2018. The court sentenced Sumpter to a suspended 16-month prison sentence and placed him on probation for 18 months. The court set his postrelease supervision term at 12 months.

Almost a year later, Sumpter admitted to violating conditions of his probation and, as a result, the district court imposed a 3-day jail sanction and extended his probation for 12 more months—to November 19, 2020.

*Sumpter's probation is revoked after the court takes evidence on probation violation claims.*

In February 2020, Sumpter's probation officer alleged that Sumpter had violated the conditions of his probation by committing both sexual battery and battery on December 15, 2019. The district court held an evidentiary hearing on the alleged probation violations. The State presented testimony from the alleged victim, her roommate—who was present on the date of the incident—and the police officer that responded to the reported incident.

Both the victim and her roommate testified that Sumpter came over to their apartment with a man that the victim's roommate had invited. The victim testified that Sumpter held her down on her bed and touched her private area without her consent, despite her telling him to stop and to get off of her. She testified that once she could remove herself, Sumpter grabbed her by the neck and put her in a chokehold. The victim's roommate testified that she witnessed Sumpter grab the victim and pull her back by the shoulders as the victim tried to leave out of the front door.

The officer testified that she interviewed both the victim and the victim's roommate and confirmed that the victim reported the bedroom incident to her—including the allegations of Sumpter touching her private area and putting her in a chokehold—and the roommate reported seeing Sumpter grab the victim.

Sumpter testified on his own behalf. He confirmed that he went to the apartment and into the bedroom with the victim. But he testified that the victim left abruptly to go to QuikTrip. He denied the allegations of him trying to stop the victim from leaving and the victim telling him to stop.

After hearing this testimony, the court found that the State met its burden of proof and found Sumpter in violation of his probation as alleged by the probation officer. The court found that Sumpter committed two new crimes crimes—sexual battery and battery while on probation—and revoked his probation. The court remanded him to prison to serve his sentence.

On appeal, Sumpter only asserts that the district court abused its discretion in ordering him to serve his prison sentence rather than reinstate his probation. He presents no argument on how the court's decision amounted to an abuse of discretion—neither arguing that the court's decision was arbitrary, fanciful, or unreasonable, nor pointing to any errors of law or fact.

We must address one procedural point first. Under the probation revocation statute, a court must first exhaust any required intermediate sanctions before revoking a defendant's probation, unless it finds that a statutory exception applies, allowing it to bypass the intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c).

One exception allows the district court to revoke probation without first imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the

offender is on probation." K.S.A. 2018 Supp. 22-3716(c)(8)(A). Neither a criminal conviction nor any criminal charges are required to satisfy this "new felony or misdemeanor" exception. See *State v. Scott*, No. 119,928, 2019 WL 1969553, at *2 (Kan. App. 2019) (unpublished opinion). One court has held that "in the context of adult criminal procedure, no criminal conviction, or even criminal charges are required to justify revocation of probation.*" In re E.J.D.*, 301 Kan. 790, 795, 348 P.3d 512 (2015).

Here, the district court found that Sumpter violated his probation by committing the new offenses of battery and sexual battery. Both offenses are misdemeanors. See K.S.A. 2018 Supp. 21-5505(c)(1) (designating sexual battery as misdemeanor); K.S.A. 2018 Supp. 21-5413(g)(1) (designating battery as misdemeanor). Sumpter does not challenge the district court's legal authority to revoke his probation under the "new felony or misdemeanor" exception, nor the court's factual basis for doing so.

The record reveals that there was sufficient evidence for the district court to conclude, by a preponderance of the evidence, that Sumpter committed the alleged offenses, even if he was never formally charged. The violation of a condition of probation need be established only by a preponderance of the evidence—which is established when evidence proves that fact is more probably true than not. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

Because the record supports the district court's finding that Sumpter committed new crimes while on probation, it was within the court's discretion to revoke Sumpter's probation. The district court's decision to revoke Sumpter's probation was reasonable. Thus, the district court did not abuse its discretion in revoking Sumpter's probation and ordering him to serve his underlying prison sentence.

Affirmed.