No. 47,270

THE STATE OF KANSAS, *Appellee,* v. LEWIS B. WOODS, JR., *Appellant.*

(524 P. 2d 221)

Opinion filed July 17, 1974.

*Joel W. Meinecke,* of Topeka, was on the brief for the appellant.

*Vern Miller,* attorney general, and *Gene M. Olander,* district attorney, was with him on the brief for the appellee.

*Per Curiam:* On August 25, 1970, the defendant, Lewis B. Woods, Jr., was convicted of first degree robbery. Imposition of sentence was suspended and he was placed on probation for a period of three years, one of the conditions being that he conduct himself as a peaceful and law-abiding citizen.

In 1972, while still on probation, Woods was tried by a jury and found guilty of selling marijuana, a felony under Kansas law. Proceedings were thereupon commenced to terminate his probation and to impose sentence. While an appeal was pending from the marijuana conviction, and on February 14, 1973, the trial court, after conducting a hearing at which the defendant and his counsel were present, revoked probation and sentenced the defendant to a term of not less than two nor more than ten years, the sentence to run concurrently with the sentence imposed on the marijuana charge.

The defendant's sole point on appeal is stated as follows:

"The trial court erred in revoking Defendant's probation on the grounds he had violated a State criminal law during the term of probation when the violation arose out of the verdict in a jury trial which had been appealed to the Kansas Supreme Court."

In support of his position the defendant points out that judicial notice was taken of the files and record of conviction in the marijuana case and he argues that an independent investigation should have been conducted by the court in view of the pendency of his appeal.

It is clear that K. S. A. 1973 Supp. 22-3716 does not require *conclusive* evidence of a probation violation. The verdict of the jury finding the defendant guilty of selling marijuana was persuasive evidence of guilt, despite the pending appeal, and was sufficient, in our judgment, to sustain the finding he was not a law-abiding citizen. It was not incumbent on the state to produce other evidence to sustain its burden of proof. Under the statute a probationer has the right "to present the testimony of witnesses and other evidence on his behalf." None was offered by the defendant in this case though there was nothing, so far as the record is concerned, to prevent him from doing so.

A case somewhat in point on general principles is *Standlee v. Smith*, 83 Wash. 2d 405, 518 P. 2d 721, in which the Washington Supreme Court sustained an order revoking a parole because of an assault committed by the defendant while on parole, the hearing officer having concluded from the evidence that the defendant was in fact the assailant even though he had been acquitted by the jury.

The judgment of the court below is affirmed.