No. 47,388

STATE OF KANSAS, *Appellee*, v. GLENN GENE RASLER, *Appellant*.

(532 P. 2d 1077)

Opinion filed March 1, 1975.

*Curtis Irby,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* Assistant District Attorney, argued the cause, and *Curt T. Schneider,* Attorney General, and *Keith Sanborn,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Appellant-defendant (Glenn Gene Rasler), a probationer under suspension of sentencing, appeals from an order of revocation. On January 2, 1973, defendant entered a plea of guilty to a charge of unlawful possession of a firearm (K. S. A. 21-4204). The trial court suspended imposition of sentence for one year on condition that defendant spend sixty days in the county jail and thereafter comply with the conditions of probation specified by the court which were generally those enumerated in K. S. A. 21-4610.

The first condition specified in the court's order was that defendant not violate the law in any manner. The record indicates that defendant was released following his sixty day term in the county jail

on or about March 12, 1973. Shortly thereafter, on March 18, 1973, defendant was charged with two counts of aggravated assault and one count of unlawful possession of a firearm after conviction of a felony. The charges stemmed from shooting incidents which took place during the night of March 18, 1973, on a street and in a night club in Wichita. The filing of these charges against defendant precipitated a hearing for the revocation of his probation which was heard on March 27, 1973.

Defendant was represented by counsel at the revocation hearing and presented the testimony of several witnesses tending to establish an alibi with respect to the assault charges. At the conclusion of the hearing defendant requested that the trial court defer its ruling until after defendant's trial had been completed on the charges stemming from the incidents which occurred on March 18, 1973. The trial court granted the request. Thereafter, on June 14, 1973, defendant was convicted of aggravated assault and unlawful possession of a firearm. Following this conviction the trial court reconvened the revocation hearing, revoked the probation entered in the first case, and sentenced defendant to a term of not less than three nor more than ten years for the firearm violation that he had pled guilty to on January 2, 1973.

Defendant filed a motion to set aside the order which was overruled. Thereafter defendant filed a notice and perfected this appeal.

The record discloses that defendant had the assistance of counsel at all stages of the revocation proceedings.

Defendant specifies five points on appeal—in the first three of which he contends that K. S. A. 22-3716, dealing with the arrest of a probationer and procedure on revocation, is unconstitutional for several reasons. He first asserts that 22-3716 is unconstitutional because he claims that it establishes no definite grounds upon which probation may be revoked or denied. The statute clearly specifies that a violation of any of the conditions of probation is grounds for revocation. This is set forth in the first sentence of subsection (1) of the statute which reads:

"(1) At any time during probation or suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release, or a notice to appear to answer to a charge of violation. . . ."

In the instant case a condition (a) of the order in question specifically provided that defendant not violate the law in any manner. Obviously, defendant must have known the charge he had to meet

at the revocation hearing. In the recent case of *Toman v. State*, 213 Kan. 857, 518 P. 2d 501, we considered 22-3716 and found:

"This statute appears to comply with the requirements of the due process clause of the United States Constitution as judicially declared in *Morrissey v. Brewer*, 408 U. S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593." (p. 859.)

We find no ambiguity or uncertainty in the statute in this regard which would make its constitutionality questionable.

Defendant's next constitutional argument is that 22-3716 is in conflict with the reasonable doubt standard of K. S. A. 21-3109. Defendant's position on this point appears to be that the constitution requires that the state meet the reasonable doubt standard in order to revoke a suspended sentence. At this point we should pause to observe that 22-3716 essentially puts revocation of probation and revocation of a sentence on the same level. The one practical difference is that when a suspended sentence is revoked the sentencing must follow. While revocation is not a part of the criminal prosecution, sentencing is. However, the Kansas statute gives a defendant the right to be represented by counsel at a hearing on revocation of probation or of a suspended sentence; thus, as a practical matter any difference between the two disappears in Kansas.

When considering the standard of proof required in a revocation proceeding in *State v. Nelson*, 196 Kan. 592, 412 P. 2d 1018, this court quoted with approval from 24 C. J. S., Criminal Law, § 1618 (11) (*d*), pp. 915-916, as follows:

" 'The quantum of evidence necessary to authorize revocation of probation is not the same as that required on trial of an indictment, but is a matter within the sound discretion of the trial court. To warrant a revocation and commitment it is sufficient that the violation of conditions is established by clear and satisfactory evidence, or by evidence sufficient to convince the court that a violation of the conditions has been committed. Slight evidence may be sufficient, and it is not necessary that the violation be established beyond a reasonable doubt or even by a preponderance of the evidence. . . .' " (p. 596.)

In *Morrissey v. Brewer*, 408 U. S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593, the court observed:

"We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . ." (p. 480.)

Concerning the degree of proof required in revocation proceedings, American Bar Association Standards for Criminal Justice relating to Probation § 5.4 provides:

"(*iii*) where the violation is contested, establishment of the violation by the government by a *preponderance of the evidence.*" (p. XI-18) (Emphasis supplied.)

The provisions of 22-3716 are fully in accord with the ABA Standards on probation and the pertinent guidelines set forth by the United States Supreme Court in *Morrissey v. Brewer*, supra; and *Gagnon v. Scarpelli*, 411 U. S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756. Proof beyond a reasonable doubt of the violation of a condition of probation is not required by statute or constitution in a revocation proceeding.

In his third point defendant contends K. S. A. 22-3716 is unconstitutional and invalid for the reason that it could allow a trial court to revoke a probation based upon the commission of another crime when, following revocation, it is possible that the probationer could be found not guilty of the second criminal charge.

It is true, as defendant asserts, that under 22-3716 probation or a suspended sentence could be revoked based on the commission of another crime without the defendant ever being charged with the crime or even if charged the probationer is later acquitted of the crime. This result could only come about where a probationer was found by a preponderance of the evidence to have committed the second offense, but his guilt could not be established beyond a reasonable doubt in a criminal trial on the second charge. As we have previously pointed out, proof beyond a reasonable doubt to support a criminal conviction is not necessary to support an order revoking probation.

In his last two points on appeal defendant states since his two subsequent convictions are on appeal to this court and, thus, it was error to revoke his probation prior to disposition of his appeal. The identical contention was made in the recent case of *State v. Woods*, 215 Kan. 295, 524 P. 2d 221, wherein we held:

"Evidence that a probationer has been convicted by a jury of a crime committed while he was on probation is sufficient, under the circumstances shown of record, to sustain a finding by the trial court that the probationer has breached that condition of his probation requiring that he conduct himself as a peaceful and law-abiding citizen, even though an appeal from such conviction be pending." (Syl.)

In *Woods* the defendant, as herein, argued that his probation should not be revoked on the ground that he had violated a state criminal law during the term of probation when the violation arose out of a conviction which had been appealed to this court. In the

instant proceeding there was ample evidence submitted by the state to support the trial court's order of revocation regardless of the disposition of defendant's appeal to this court.

We hold that as to revocation of probation or a suspended sentence 22-3716 meets all constitutional requirements in such proceeding and that the requirements were fulfilled in the instant case.

The judgment is affirmed.