NOT DESIGNATED FOR PUBLICATION

Nos. 118,312
118,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRICK PHILLIPS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE BITTEL, judge. Opinion filed April 12, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

PER CURIAM: To revoke a person's probation because of the commission of a new crime, the State must prove the new crime by a preponderance of the evidence. Jerrick Phillips argues that the district court abused its discretion in revoking his probation on the basis that he committed a new crime because he is appealing his conviction for that crime. But our Supreme Court has held that a district court can find that there is a preponderance of evidence to establish a violation of the law, even if the person was never actually charged with the crime or if the person was subsequently acquitted of the crime in the criminal trial. Moreover, the Kansas Supreme Court has held that when a jury finds someone guilty of a new crime, the guilty verdict itself is sufficient evidence to

1

sustain a finding that a person violated his or her probation, even if that person appeals the verdict. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

This appeal presents a consolidation of two district court cases: 15CR284 and 15CR405. In 15CR284, the district court found Phillips guilty after a no contest plea to reckless aggravated battery. In 15CR405, the district court found Phillips guilty after a no contest plea to felony possession of marijuana. The district court sentenced Phillips to an underlying prison sentence of 9 months for the reckless aggravated battery conviction but released him on probation for 18 months. The court ordered a 10-month underlying prison sentence for the marijuana possession conviction. Again, the court released Phillips to an 18-month probation term. The court ordered the two sentences to run consecutively for a total underlying prison term of 19 months, with release to probation for 36 months.

About eight months after sentencing, the State moved to revoke Phillips' probation. The State alleged that Phillips drank alcohol several times, violated curfew, and failed to report to a community corrections meeting. The State also alleged that the police arrested Phillips for possession of marijuana, possession of drug paraphernalia, and possession of a firearm by a felon. Phillips admitted these allegations but denied that he committed a new felony. The district court ordered Phillips to serve a 180-day jail sanction for violating curfew, testing positive for alcohol, and failing to attend the meeting. The district court did not factor the new criminal charges into its decision, choosing to wait until after the trial to address it.

Phillips had a two-day trial on his new criminal charges. A jury convicted him of all three counts. Based on his new convictions, the district court revoked Phillips' probation and ordered him to serve his remaining prison sentence.

2

Phillips appealed.

ANALYSIS

Phillips argues that the district court erred in revoking his probation because he committed new crimes. He notes that he appealed his convictions to this court and asserts that if this court overturns his convictions "the justification for the revocation of his probation would no longer exist." He further proposes that if this court overturns his new convictions, then this court should vacate the district court order revoking his probation.

Our standard of review in probation revocation cases is clear. Once a probation violation has been established, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). So we will examine how a district court is to approach probation revocations based on a violation of the law while on probation.

Because probation is not part of the criminal prosecution, the full panoply of rights due a person in a criminal prosecution do not apply to a probation revocation. See *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The State has the burden in a criminal prosecution to prove each element of the crime beyond a reasonable doubt. K.S.A. 2018 Supp. 21-5108(a). Yet probation violations can be established by a preponderance of the evidence, a decidedly lower burden of proof. See *Gumfory*, 281 Kan. at 1170. As a result, it is possible that a court could find that the evidence was insufficient to prove guilt beyond a reasonable doubt, but sufficient to prove guilt by a preponderance of the evidence. So it is not a foregone conclusion that

3

reversal of Phillips' new convictions nullifies the justification for the district court's decision to revoke his probation. In fact, our Supreme Court has found that it does not.

Lewis Woods made an argument almost identical to Phillips' in *State v. Woods*, 215 Kan. 295, 524 P.2d 221 (1974). He argued that the trial court erred in revoking his probation because of a new conviction when he had appealed that new conviction to the Kansas Supreme Court. The Kansas Supreme Court rejected this argument.

> "It is clear that K.S.A. 1973 Supp. 22-3716 does not require *conclusive* evidence of a probation violation. The verdict of the jury finding the defendant guilty of selling marijuana was persuasive evidence of guilt, despite the pending appeal, and was sufficient, in our judgment, to sustain the finding he was not a law-abiding citizen. It was not incumbent on the state to produce other evidence to sustain its burden of proof. Under the statute a probationer has the right 'to present the testimony of witnesses and other evidence on his behalf.' None was offered by the defendant in this case though there was nothing, so far as the record is concerned, to prevent him from doing so." 215 Kan. at 296.

See also *In re E.J.D.*, 301 Kan. 790, 795, 348 P.3d 512 (2015) (neither criminal conviction nor criminal charges are required to revoke probation for criminal violation); *State v. Yura*, 250 Kan. 198, 202-03, 825 P.2d 523 (1992) (noting that it is not inappropriate for a probation revocation for new criminal violation to go forward even if trial has not yet occurred or even if defendant subsequently acquitted); *State v. Rasler*, 216 Kan. 292, 295, 532 P.2d 1077 (1975) (remarking that court can revoke probation even if defendant not charged with the crime or is charged but later acquitted).

Moreover, we note that the same judge that heard the jury trial on his new convictions is the same judge who revoked his probation for them. So the judge was well aware of the evidence presented. We also note that on appeal for his new conviction, Phillips only challenged the sufficiency of the evidence on the marijuana charge. He did

not challenge the sufficiency of the evidence for the other two crimes for which he was convicted:  possession of drug paraphernalia and being a felon in possession of a firearm. Although we reverse that case by separate action this date, the reversal is unrelated to the sufficiency of the evidence presented. See *State v. Phillips*, (No. 118,314, this day decided).

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Given the Supreme Court's holding in *Woods*, we find that the district court did not abuse its discretion in revoking Phillips' probation even though he appealed his conviction which formed the basis for the revocation. The jury finding of Phillips' guilt beyond a reasonable doubt was persuasive evidence of guilt regardless of a pending appeal.

Affirmed.