NOT DESIGNATED FOR PUBLICATION

No. 120,991

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LYNYRD HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 17, 2020. Affirmed in part, reversed in part, and remanded with directions.

*Regina M. Probst*, of Hutchinson, for appellant.

*Natasha Esau*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Robert Lynyrd Hill pled guilty to multiple crimes in four criminal cases. The district court sentenced him to probation in each case. A few months later, the district court found Hill violated the terms of his probation and revoked his probation. Hill appeals, claiming that (1) the district court erred in revoking his probation when a medical condition rendered him unable to assist in his defense; (2) there was insufficient evidence to support the district court's finding that he violated his probation by possessing a firearm; and (3) the district court abused its discretion by revoking his probation instead of imposing an intermediate sanction. We find merit only in Hill's final

1

claim, so we affirm the district court's finding that Hill violated the terms of his probation but remand for the district court to conduct a new dispositional hearing.

FACTS

This appeal stems from Hill's guilty pleas, pursuant to two separate plea agreements, to multiple felony and misdemeanor crimes across four cases. In the first plea agreement—a global plea agreement—Hill pled guilty to conduct charged in three cases—17CR835, 17CR974, and 17CR1007. In the second plea agreement, Hill pled guilty to aggravated battery in case 17CR1090. The district court consolidated the four cases for appeal.

On January 26, 2018, the district court sentenced Hill in the three cases from the global plea agreement. In 17CR835, the district court sentenced Hill to an underlying prison sentence of 16 months with 12 months' postrelease supervision but granted his dispositional departure motion and imposed 12 months' probation. In 17CR974, the district court sentenced Hill to an underlying prison sentence of 32 months with 12 months' postrelease supervision but granted his dispositional departure motion and imposed 24 months' probation. In 17CR1007, the district court sentenced Hill to an underlying sentence of 12 months' imprisonment but imposed 24 months' probation. The district court ordered the term of probation in 17CR1007 to start after Hill served 30 days in jail. The district court ordered the three sentences be served consecutively.

On March 1, 2018, in 17CR1090, the district court sentenced Hill to an underlying prison sentence of 32 months with 12 months' postrelease supervision but granted his dispositional departure motion and imposed 24 months' probation. The district court ordered the sentence in 17CR1090 to run consecutive to the sentences in the three cases from the first plea agreement. The district court ordered restitution on March 19, 2018.

*Probation revocation proceedings*

On the night of March 10, 2018, and the early morning of March 11, 2018, Rose Fragoza's dog heard something outside and was going "nuts." When Fragoza went out to her yard the next morning, "something blue caught [her] attention," so she walked over to it and found sunglasses, a cell phone, a blue bag, and a gun. That same evening, law enforcement encountered Hill about a block and a half north of Fragoza's house after someone called 911. Law enforcement took Hill to the hospital because he was partially undressed and acting "bizarre."

Hutchinson Police Detective Travis Lahann followed up on the case after the items from Fragoza's yard were taken into evidence. On March 12, 2018, Hill came to the police station and asked for his cell phone so Lahann took Hill to the interview room to talk with him. Lahann showed Hill a picture of the items retrieved from Fragoza's yard and Hill identified the cell phone as his. When asked what happened, Hill told Lahann that he was smoking marijuana the "night or early morning hours of March 11 of 2018," and he blacked out and did not remember what else happened. On March 12, 2018, Hill received a text on his cell phone stating: "Where my gun freak."

On March 20, 2018, the State moved to revoke Hill's probation. The motion alleged that Hill (1) admitted to using Xanax, marijuana, and alcohol on March 7, 2018; (2) failed to report on March 12, 2018; (3) "engaged in illegal activity of Felon in Possession of a Firearm as referenced in Hutchinson Police Department case 2018-6092"; (4) admitted to using methamphetamine and marijuana on nine dates in March 2018; and (5) admitted he lost the job he was supposed to start. The district court appointed counsel to represent Hill in the probation revocation proceedings.

On March 30, 2018, the district court held a probation revocation hearing. Hill stipulated to allegations one and two—using Xanax, marijuana, and alcohol and failing to

report on March 12, 2018. Because Hill disputed the third allegation, the State requested the matter be set for an evidentiary hearing. The district court scheduled the hearing for April 25, 2018, but on that date, the district court granted Hill's request for a continuance to further investigate the third allegation.

On May 1, 2018, the district court held the evidentiary hearing. At the beginning of the hearing, Hill's counsel stated:

> "I have received from my client yesterday afternoon in my office a discharge instruction from the Hutchinson Regional Medical Center . . . . Unfortunately, Mr. Hill has had a medical condition that's popped up that's prevented him from being able to adequately assist in the preparation of his defense up and to this point and I would request a final continuance of this hearing."

The district court denied Hill's request for a continuance. The State then put on evidence of the remaining violations. The State called Fragoza and Lahann, who each testified to the events of March 10, 11, and 12, 2018. Lahann stated that based on their investigation, law enforcement did not believe there was enough evidence to charge Hill with a crime.

Matt Gabrielson, Hill's intensive supervision officer in March 2018, testified that when Hill reported on March 16, 2018, he admitted to using meth and marijuana every day since getting out of jail on March 7, 2018. Hill also told Gabrielson that he was fired for not showing up to his construction job. John Pahl, Hill's intensive supervision officer after Gabrielson, testified that he never met Hill because Hill had not reported.

After the State presented its evidence, Hill again requested a continuance stating he had not yet spoken with his attorney about everything for the case and was still deciding whether to put on evidence. The State objected but the district court said the case could be reset to allow Hill to present his case. The court began scheduling the

hearing when Hill's counsel said, "I apologize. I'm getting some mixed signals, Your Honor. It does appear that my client is now wanting and willing to proceed to argument on disposition."

After hearing the parties' arguments, the district judge summarized the evidence and revoked Hill's probation stating, "That's enough of preponderance for me so I find that the allegations in the motion to revoke in each of the cases are established. Sentences will be ordered executed." The district court did not consider or discuss any intermediate sanctions, and the court made no findings to circumvent intermediate sanctions. Hill timely appealed the order revoking his probation.

### DID THE DISTRICT COURT VIOLATE HILL'S RIGHT TO ASSIST IN HIS OWN DEFENSE?

Hill claims for the first time on appeal that the district court violated his rights under the Sixth Amendment to the United States Constitution when it proceeded with the revocation hearing without "further inquiry into the medical and mental state of [Hill]." Hill argues that he was "unable to assist with his own defense" as evidenced by the medical documentation he presented at the hearing, his actions on March 11, 2018, and his giving counsel "'mixed signals'" at the revocation hearing.

The State addresses this issue as one challenging the district court's denial of Hill's motion for a continuance. The State argues the district court did not err in denying Hill's motion for a continuance because Hill had counsel and sufficient time to prepare for the hearing. The State also points out the district court allowed Hill to present his defense at a later date, but Hill rejected that option.

Hill's entire argument on this issue in his appellate brief is as follows:

5

"Counsel for the Defendant informed the Court at the beginning of the hearing that the Defendant had provided medical documentation stating he was unable to assist with his own defense. In fact, when the Defendant's cellular phone had gone missing, the Defendant was found naked on a stranger's porch, thus demonstrating a lack of rational thinking. Furthermore, during the probation violation hearing Counsel for the Defendant clearly stated, "'I am getting mixed signals,'" which demonstrated that the Defendant was unable to participate meaningfully in his own defense. Therefore, the Defendant's Sixth Amendment privileges were violated when the Court proceeded without further inquiry into the medical and mental state of the Defendant."

This court does not address issues, including constitutional claims, raised for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). There is an exception that allows an appellate court to address an issue for the first time on appeal to prevent the denial of a fundamental right. 299 Kan. at 493. But Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires the appellant to explain why an issue was not raised below and why it should be considered for the first time on appeal. The rule is strictly enforced and an appellant's failure to address why an issue should be considered for the first time on appeal constitutes insufficient briefing. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Hill does not explain why his constitutional claim was not raised below nor why it should be considered for the first time on appeal.

Moreover, Hill merely quotes the Sixth Amendment and then lists facts to support his claim that he could not assist in his own defense. He cites no legal authority to support his contention that the district court had a duty to inquire into his medical and mental state. He cites no relevant standard of review and he provides no analysis to explain how the facts identified establish that the district court breached its alleged duty to inquire into his medical and mental health. Hill's claim is inadequately briefed, and we find his issue abandoned. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) ("When a litigant fails to adequately brief an issue it is deemed abandoned.").

6

WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE DISTRICT COURT'S
FINDING HILL VIOLATED THE TERMS OF HIS PROBATION BY POSSESSING A FIREARM?

Next, Hill claims the district court erred in revoking his probation "in part" because there was not sufficient evidence to establish by a preponderance of the evidence that he possessed a firearm. The State argues there was sufficient evidence to support the district court's decision to revoke Hill's probation because it showed that he possessed a firearm, used methamphetamine, and failed to report.

As a preliminary matter, the district court found Hill committed four other probation violations on top of the violation based on possession of a firearm. Hill does not challenge any of the other violations, which each independently support the district court finding that Hill violated the terms of his probation. Because Hill fails to address the district court's alternative grounds for finding he violated the terms of his probation, we could decline to address this issue. See *State v. Novotny*, 297 Kan. 1174, 1179-80, 307 P.3d 1278 (2013) (declining to address an appellant's challenge to one basis of district court's ruling when appellant failed to challenge the district court's alternative ruling).

In any event, we will briefly address the merits of Hill's claim. A violation of the conditions of probation must be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Probation can be revoked upon commission of a new crime even if the crime wes never charged. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007) (citing *State v. Rasler*, 216 Kan. 292, 295, 532 P.2d 1077 [1975]).

The State asserted that Hill violated his probation by committing the crime of felon in possession of a firearm. To prove this allegation, the State needed to show that

Hill was a felon and was in possession of a firearm. See K.S.A. 2019 Supp. 21-6304. There is no dispute that Hill was a felon. Under the criminal code, "possession" requires "having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2019 Supp. 21-5111(v).

Here, the State's evidence showed that (1) Hill's cell phone was found near a firearm in Fragoza's yard; (2) Hill was found a block and a half north of Fragoza's yard; and (3) Hill received a text message that said: "Where my gun freak." This was sufficient evidence for the district court to reasonably infer that Hill more probably than not possessed the firearm found with his cell phone in Fragoza's yard. Thus, there was sufficient evidence to support the district court's finding that Hill violated the terms of his probation by possessing a firearm.

### DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING HILL'S PROBATION WITHOUT IMPOSING AN INTERMEDIATE SANCTION?

Finally, Hill claims the district court erred in executing his original sentences instead of imposing an intermediate two- or three-day jail sanction. This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Coleman*, 311 Kan. __, 460 P.3d 828, 830 (2020). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018).

The district court's discretion in imposing a sanction is limited by statute. K.S.A. 2019 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. It provides that once a defendant has violated the conditions of probation, the district court must apply an intermediate sanction before revoking probation and executing the

8

underlying sentence. K.S.A. 2019 Supp. 22-3716(c)(1). But there are some exceptions that allow the district court to revoke the defendant's probation without first imposing intermediate sanctions, including if the defendant commits a new crime, if the safety of the members of the public will be jeopardized by the imposition of intermediate sanctions, or if the assignment to community correctional services was granted as the result of a dispositional departure. K.S.A. 2019 Supp. 22-3716(c)(7)(A)-(C).

Hill argues that the district court did not make particularized facts establishing why he would be a danger to the community or why his welfare would not be served if he was to remain on probation. The State argues the district court did not have to impose an intermediate sanction because the district court could have revoked his probation under the dispositional departure or new crime exceptions.

Here, the district court revoked Hill's probation and executed the underlying sentence without considering any intermediate sanctions. When revoking Hill's probation, the district judge stated:

> "Well, the plan that we had was for him to be in jail and get, you know, some clean time so that he would have a chance to work this plan. We had to depart from the presumption because he was Criminal History Category A. When we got out we didn't have a slip. We drove straight, you know; we didn't slide off the road, we aimed the car straight into the ditch and we kind of got down in the ditch and we kept on going in the ditch using drugs, not reporting, possessing guns, going out and getting yourself so messed up that you don't even know where you are . . . . Your cell phone is there with a gun, some guy is texting you about wanting his gun. That's enough of preponderance for me so I find that the allegations in the motion to revoke in each of the cases are established. Sentences will be ordered executed."

In its ruling, the district court merely found that Hill's violations of the terms of his probation—by failing to report, using drugs, possessing guns, and failing to be

9

supervised—were sufficient in themselves to support revoking his probation. While the district court mentioned that Hill received a dispositional departure, the district court did not cite this as a reason for revoking Hill's probation. Nor did the district court cite the new crime exception. Finally, the district court did not mention, let alone make particularized findings, that the public safety or offender welfare exception applied.

To the extent that the State claims the district court *could have* revoked Hill's probation based on the dispositional departure exception or the new crime exception, the State is correct that the statute allows the district court to bypass intermediate sanctions and revoke a defendant's probation for those reasons. But the district court here did not cite either of these exceptions, which provide the district court "may" revoke probation if the sentence was a result of a dispositional departure or the defendant committed a new crime. K.S.A. 2019 Supp. 22-3716(c)(7)(B) and (c)(7)(C). Because the district court did not invoke either exception, we cannot affirm the district court's decision on that basis as it would result in this court affirming the district court for a discretionary decision it did not make. See *State v. Duran*, 56 Kan. App. 2d 1268, 1277, 445 P.3d 761 (2019), *petition for rev. filed* July 19, 2019.

The district court abused its discretion when it revoked Hill's probation without citing an exception allowing it to bypass intermediate sanctions. Thus, we reverse the district court's order for Hill to serve his original sentences and remand for a new dispositional hearing. On remand, the district court must either cite an exception that would allow it to bypass intermediate sanctions or impose an intermediate sanction.

Affirmed in part, reversed in part, and remanded with directions.