NOT DESIGNATED FOR PUBLICATION

No. 124,075

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERSON RAMIRO CONTRERAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed September 2, 2022. Affirmed.

*Kevin J. Zolotor*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: After Jerson Ramiro Contreras was sentenced for possession of cocaine, he was placed on probation. The court revoked his probation after finding he had committed several probation violations. Contreras appeals that revocation of his probation, making three arguments: (1) The State did not prove he committed three of the violations (there were more alleged); (2) a preponderance of the evidence standard for probation violations is unconstitutional; and (3) the State's allegations were legally insufficient to establish a probation violation.

1

We have reviewed the record on appeal and considered his arguments, and we are convinced that the district court did not abuse its discretion when it revoked his probation.

*Contreras pleads guilty, is sentenced to probation, and then his probation is revoked.*

Contreras pleaded guilty to possession of cocaine. The district court sentenced Contreras to 32 months in prison. Based on his criminal history score and the severity level of his crime, Contreras' presumptive sentence was incarceration in prison, according to the sentencing guidelines. The court departed from the presumptive guidelines disposition and placed him on 12 months' probation. The dispositional departure was based on Contreras' lack of prior felony drug convictions, acceptance of responsibility, and the availability of drug and alcohol treatment programs in the community.

Less than a month after Contreras started probation, the district court authorized a warrant for Contreras' arrest. It was issued based on allegations that he tested positive for cannabinoids/THC, committed domestic battery, and engaged in assaultive behavior. A few days later, the district court authorized another warrant for Contreras' arrest. The second warrant was issued based on allegations that Contreras committed the offenses of

- possession of marijuana;
- transporting an open container;
- driving while suspended;
- illegal tags;
- two counts of running a red light; and
- driving a vehicle that contained marijuana and alcohol.

At the probation violation hearing, the State withdrew the allegations in the first warrant and proceeded on the allegations in the second warrant. The State called Officer Benjamin Able. He testified that he stopped a car being driven by Contreras after he

2

witnessed it run two red lights. The car did not have a tag. Contreras told the officer that his driving license was suspended. Neither Officer Able nor the State provided a certified copy of Contreras' driving record showing he was suspended. At the time of the stop, Officer Able performed a computer check and found nothing contrary to what Contreras told him.

When Officer Able stopped Contreras' car he noticed a strong smell of fresh and burning marijuana. This led him to believe there was marijuana in the car. He arrested Contreras and removed the passenger from the car. He searched Contreras and found over $5,000 in cash in Contreras' pocket. Contreras said he was unemployed and he could not say where the money was from.

Officer Able searched the car and found marijuana "shake" on the floorboards and center console. The defense objected to Able's testimony, arguing that the "shake" was never tested so he could not testify that it was marijuana. Able then testified that he found a green botanical substance consistent with marijuana, and the smell was coming from the car.

Officer Able also found "blunts" and an open bottle of Hennessy Cognac on the passenger floorboard. He testified that the liquid in the bottle smelled and looked like alcohol. The "blunts" were not tested to confirm they were marijuana. The Hennessy bottle was not tested to confirm it contained alcohol.

The defense argued that the State did not sufficiently prove that Contreras possessed marijuana and alcohol because the evidence was never tested. The district court found that Contreras committed all of the alleged violations in the second warrant, noting that the burden of proof for probation violations is "more probably true than not true." The court found that Contreras was a potential danger to the public, revoked his probation, and ordered him to serve his prison sentence.

3

*Sufficient evidence supports the district court's decision to revoke probation.*

We review a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action is an abuse of discretion if it is

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

The burden of proof in a probation violation hearing is a preponderance of the evidence—or that the probation violation is more probably true than not. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Appellate courts review the district court's factual findings for substantial competent evidence. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Contreras argues the district court erred by finding that the State met its burden of proof for three of the allegations in the probation violation warrant.

*Possession of marijuana*

Contreras argues that the State did not establish that the green botanical substance found in his car was marijuana, or that he possessed it. He argues that even if the State proved he possessed the green botanical substance, it is not a criminal offense unless the substance was proved to be marijuana. Contreras notes that the substance in his car was neither field tested nor formally tested and the only evidence was Officer Able's testimony that it was consistent in smell and appearance with marijuana.

4

The State argues that it was unnecessary to test the marijuana because "proof of the identity of a substance by circumstantial evidence may be sufficient in a drug prosecution where no chemical tests are admitted or available" to sustain a conviction beyond a reasonable doubt—a higher burden than the one here. See *State v. Northrup*, 16 Kan. App. 2d 443, 449, 825 P.2d 174 (1992).

The district court found that Contreras possessed marijuana. We review this finding to see if substantial competent evidence proves that the finding was more probably true than not. Officer Able testified that he is familiar with the smell of marijuana through his job and he noticed a strong smell of burnt and fresh marijuana coming from Contreras' car. Officer Able also found what appeared to be several marijuana buds under Contreras' seat, marijuana "shake" on the driver's and passenger's floorboards and center console, and "blunts" in the car. He described the buds as a green botanical substance consistent with marijuana in smell and appearance.

It is more likely than not that the green botanical substance that looked and smelled like marijuana was indeed marijuana. It is more likely than not that Contreras knew there was marijuana in his car because it smelled strongly of marijuana and was located under his seat. There is substantial competent evidence that Contreras possessed marijuana, and the district court did not err in finding that he violated his probation by committing the crime of possession of marijuana.

*Transporting an open container*

Contreras argues the State did not prove that he knew there was a liquor bottle in his car, which is required for the offense of transporting an open container. He notes that it was found on the passenger sideboard and there was a passenger in his car when he was pulled over, which shows he was not in the exclusive control of the bottle.

5

The State argues that Contreras knew or had reasonable cause to know that there was an open bottle of liquor in his car. The liquor bottle was on the passenger side floorboard, it was marked as Hennessy, there is no evidence that it was concealed or not visible from the driver's seat, and it was within arm's reach of Contreras.

Once again we review this finding for substantial competent evidence proving that the finding is more probably true than not true. Officer Able testified that he found an open bottle labeled Hennessy in Contreras' car. There was some liquid in the bottle that both looked and smelled like alcohol. Officer Able was familiar with the appearance and smell of alcohol when he made that determination. We hold there is substantial competent evidence proving that Contreras transported an open container, and the district court did not err in finding that he violated his probation.

*Driving while suspended*

Contreras argues that the State failed to present sufficient evidence that his license was suspended when he was pulled over. The State presented evidence of Contreras' statement to Officer Able that his license was suspended, but presented no evidence that confirmed the suspension. Contreras argues this is insufficient because it was not a crime for him to drive if he mistakenly believed his license was suspended—thus, he did not violate his probation by driving while suspended. The State argues there was sufficient evidence to prove Contreras drove while suspended by a preponderance of the evidence.

Contreras told Officer Able that his license was suspended. Contreras only had an ID card with him. Though Officer Able did not get a certified record that Contreras' license was suspended, his computer check yielded no information contrary to what Contreras had told him.

Contreras' admission that his license was suspended and his inability to provide a license is substantial competent evidence that he committed the crime of driving while suspended and thus violated his probation.

Even if the district court did abuse its discretion by finding Contreras committed the crime of driving while suspended without evidence of his suspension, the district court was still within its discretion to revoke Contreras' probation because it found that he committed five other probation violations that Contreras did not contest. And Contreras, who was unemployed, offered no explanation why he had over $5,000 stuffed in his left pocket at the time he was stopped.

We see no abuse of discretion here.

*We are bound by precedent.*

Contreras argues that the burden of proof in probation revocation hearings—a preponderance of the evidence—is unconstitutional.

We find Contreras' argument is meritless because this court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 309 P.3d 903 (2017). The constitutionality of a preponderance of the evidence standard is long-settled Kansas law. "Proof beyond a reasonable doubt of the violation of a condition of probation is not required by statute or constitution in a revocation proceeding." *State v. Rasler*, 216 Kan. 292, 295, 532 P.2d 1077 (1975).

The Kansas Supreme Court has clearly stated that "[t]o sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the

7

evidence." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). There is no sign that the Supreme Court is departing from this position. Contreras' argument must be denied.

*Contreras' attack on the wording of the State's allegations is unpersuasive.*

Contreras argues the district court erred by considering allegations that were legally insufficient to establish a probation violation. He challenges allegations two and four in the October 20 warrant:

> "(2) On October 16, 2020, the defendant was driving a vehicle which contained marijuana . . . .
> "(4) On October 16, 2020, the defendant was driving a vehicle which contained Alcohol . . . ."

The warrant alleged these actions violated the following condition of Contreras' probation:  "[T]he defendant shall not possess, use or consume Alcohol, Illegal Drugs, or Drugs without a legal prescription, nor be present where others possess, use, or consume alcohol or drugs."

Basically, Contreras argues the State did not allege sufficient facts to constitute a probation violation because it did not require him to have any knowledge that there was marijuana or alcohol in the car. He says, "Without some sort of knowledge on the part of the defendant a court is not allowed to find a defendant violated his probation simply because he was in a car where there was alcohol or in a car where there were illegal drugs." Contreras cites no authority for this position.

This is an argument about the sufficiency of the warrant issued for Contreras' arrest based on allegations. Such an attack should be made in a motion to quash the

warrant. Yet Contreras did not raise this issue in the district court. He identifies no fundamental liberty interest at stake and the State argues that there are factual disputes on this issue. We will not entertain this issue because Contreras failed to preserve it. See *State v. Johnson*, 309 Kan. 992, 995-96, 441 P.3d 1036 (2019).

We decline to engage in a harmless error analysis at this point because we have found no errors by the district court.

Affirmed.